869 F.2d 1490
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Junior Ray HOSKINS, Plaintiff-Appellant,
v.
Gale DOLES, Defendant-Appellee.
 No. 88-5899.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1989.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Junior Ray Hoskins moves for counsel on appeal from the district court's order granting the defendant's motion for summary judgment. Hoskins filed this suit under 42 U.S.C. Sec. 1983, claiming that he was subjected to cruel and unusual punishment when he was taken from his cell to the Behavioral Control Unit where he was forcefully searched. The defendant is a corrections officer at the Kentucky State Penitentiary. Plaintiff sought $50,000 in damages and injunctive relief. The district court granted the defendant's motion for summary judgment, deciding that the force used on Hoskins did not amount to cruel and unusual punishment. Hoskins raises the same claim on appeal.
 
 
 3
 Upon consideration, we affirm the district court's order granting summary judgment for the defendant as there is no genuine issue of material fact and, thus, defendant is entitled to judgment as a matter of law. See Celotex v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 4
 Hoskins was not subjected to cruel and unusual punishment during this incident. The infliction of pain in the course of a prison security measure does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense. See Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The record shows that Hoskins was creating a disturbance and was taken to the Behavioral Control Unit in an attempt to restore discipline. Because of his history of suicide attempts, he was ordered to open his mouth so that officers could search for razor blades which might have endangered him or the prison officers. He obeyed the initial order, but refused a second order to open his mouth. After the officers forced it open, he spit in an officer's face. The officers then sprayed mace in his face. The officers put him in a shower to remove the mace; Hoskins refused subsequent medical treatment. Under all the circumstances, the defendant's actions were reasonable and fell within the wide-ranging deference given to the execution of policies and practices that are needed to preserve internal order and discipline and to maintain institutional security. See Bell v. Wolfish, 441 U.S. 520, 547 (1979).
 
 
 5
 Accordingly, the motion for counsel is denied and the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.